David S. Stone
Jason C. Spiro
Stone & Magnanini LLP
150 John F Kennedy Parkway, 4th Floor
Short Hills, New Jersey 07078
Tel.: (973) 218 – 1111
Fax: (973) 218-1106

*Of Counsel:*
Peter D. Murray
Robert T. Maldonado
Eric M. Eisenberg
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Plaintiff Telebrands Corp.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>                    Plaintiff,<br><br>        v.<br><br>HEARTHWARE, INC.,<br><br>                    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Telebrands Corp. for its Complaint against Defendant Hearthware, Inc. alleges as follows:

## THE PARTIES

1.     Telebrands Corp. ("Telebrands") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 81 Two Bridges Road, Fairfield, New Jersey 07004.

2.      Defendant Hearthware, Inc. ("Hearthware") is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 1795 Butterfield Road, Libertyville, IL 60048.  Upon information and belief, Hearthware is doing business in the State of New Jersey.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3.      This action arises under the Trademark and Unfair Competition laws of the United States, 15 U.S.C. §§ 1114 and 1125(a), and under the statutory and common law of the State of New Jersey, N.J.S.A. § 56:4-1 *et seq.*

4.      Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a) and (b), and the pendent jurisdiction of this Court.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5.      Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.      Since 1987, Telebrands has been in the business of marketing a wide variety of products through both retail outlets and direct response advertising.

7.      On or about October 2009, Telebrands commenced marketing cookware under the mark ORGREENIC and adopted and began using a fanciful and distinctive trademark in connection with its ORGREENIC cookware, specifically, the color green on the inside surface of a cooking pot or pan (the "Mark").  Telebrands has used the Mark continuously since that time.  Telebrands applied for and obtained U.S. Trademark Registration No. 3,843,331 for the Mark, which issued August 31,

2010 on the Supplemental Register of the Patent and Trademark Office (Exhibit A). Telebrands also adopted and began using a fanciful and distinctive trademark which includes, *inter alia*: (1) white lettering which emphasizes the letters g-r-e-e-n; and (2) a green leaf having a unique shape in proximity to the letters g-r-e-e-n (the "Logo"):



8.     Telebrands' product is sold through direct response channels to the general consuming public throughout the United States and within this judicial district. Telebrands also sells its product to retail stores, which sell to the general consuming public throughout the United States and within this judicial district.

9.     The ORGREENIC cookware product sold by Telebrands under the Mark and the Logo includes pots and/or pans with the color green on the inside surface.

10.     The ORGREENIC product is packaged in a distinctive box, which highlights the Mark and the Logo.

11.     The Mark and Logo were adopted to give the ORGREENIC product and its packaging a distinctive appearance and to indicate source.

12.     The Mark and Logo are non-functional, fanciful, distinctive and well-recognized and represent, individually and collectively, the source of Telebrands' product sold in associaton therewith and the substantial goodwill of Telebrands throughout the United States, including New Jersey.

13.     The Mark and Logo have acquired secondary meaning.

3

14.     Telebrands has expended large sums of money in advertising and promoting the ORGREENIC product.  Telebrands has expended over $14 million on television, Internet, and print advertising for the ORGREENIC product.  Telebrands' advertising and promotion highlights the Mark and the Logo.

15.     Telebrands' sales of the ORGREENIC product through direct response and wholesale channels have exceeded $41 million.

16.     As a result of its long use, substantial sales, and extensive advertising and promotional activities in connection with Telebrands' ORGREENIC product, Telebrands' Mark and Logo and the ORGREENIC product sold in association therewith have become well and favorably known to the purchasing public.  Telebrands' Mark and Logo have become well known and widely recognized as indicating the source or origin of Telebrands' product.

17.     Defendant Hearthware distributes, offers for sale and sells products of varying kinds in interstate commerce and in the State of New Jersey.

18.     Without authorization from Telebrands, defendant has offered to sell and sold, *inter alia,* through the website https://www.nuwaveperfectgreen.com,  a cooking pan product with the color green on an inside surface thereof in interstate commerce, including in the State of New Jersey, using Telebrands' distinctive Mark and a logo confusingly similar to Telebrands' Logo.  Defendant's product is marketed and sold under the designation "PerfectGreen".  This logo, like Telebrands' logo includes, *inter alia*: (1) white lettering which emphasizes the letters g-r-e-e-n; and (2) a green leaf having a similar unique shape in proximity to the letters g-r-e-e-n.

19.     Defendant adopted and used Telebrands' Mark and Logo for its "PerfectGreen" pan knowing of Telebrands' prior use of the Mark and Logo, and, it did so, upon information and belief,

4

for the purpose of causing customer confusion with Telebrands' ORGREENIC product.

20.     Defendant's sale and offers to sell its cooking pan product falsely designates the origin of defendant's goods and is likely to cause confusion, mistake or deception about the origin of defendant's goods.

21.     Defendant's adoption and use of Telebrands' Mark and Logo was and is, upon information and belief, for the intent and purpose of confusing, misleading and deceiving the public

22.     Defendant is unfairly capitalizing on Telebrands' initiative and valuable goodwill.

23.     Telebrands is being irreparably injured and monetarily damaged by defendant's acts. Telebrands has no adequate remedy at law.

**COUNT ONE**
**TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT**
**(U.S. TRADEMARK REG. NO. 3,843,331)**

24.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-23 above, as though fully set forth herein.

25.     This cause of action for trademark infringement arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is for infringement of a trademark registered by Telebrands in the United States Patent and Trademark Office as U.S. Registration No. 3,843,331.

26.     The unauthorized goods provided, sold and/or offered for sale by defendant bearing Telebrands' federally registered trademark or colorable variations thereof are likely to cause confusion, mistake or deception in that actual and potential customers are likely to believe that defendant's goods are provided by, sponsored by, approved by, licensed by, affiliated with, or emanate from Telebrands, and defendant's acts constitute trademark infringement.

27.     Defendant will continue its infringing acts unless enjoined by this Court.  Telebrands has no adequate remedy at law.

## COUNT TWO
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

28.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-27 above, as though fully set forth herein.

29.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.     Defendant's unauthorized distribution and sale in commerce of goods bearing the Mark and Logo is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of defendant's product by Telebrands, and violates Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

31.     Defendant's unauthorized distribution and sale in commerce of goods bearing the Mark and Logo falsely designates the origin of defendant's goods and is likely to cause confusion, mistake or deception about the origin, sponsorship or approval of defendant's goods.

32.     By using the Mark and Logo, defendant has falsely and misleadingly described and suggested that the "PerfectGreen" pan it is selling and offering for sale emanates from Telebrands.

33.     Defendant will continue to infringe upon Telebrands' rights under §43(a) of the Lanham Act unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be injured unless defendant is enjoined.  Telebrands has no adequate remedy at law.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT

34.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

35.     This cause of action arises under New Jersey common law.

36.     Defendant's unauthorized distribution and sale in commerce of goods bearing the Mark and Logo is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of defendant's product by Telebrands, and constitutes common law trademark infringement.

37.     Defendant's unauthorized distribution and sale in commerce of goods bearing the Mark and/or Logo falsely designates the origin of defendant's goods and is likely to cause confusion, mistake or deception about the origin of defendant's goods.

38.     By using the Mark and Logo, defendant has falsely and misleadingly described and suggested that the "PerfectGreen" pan it is selling and offering for sale emanates from Telebrands.

39.     Defendant will continue to infringe upon Telebrands' rights under the common law unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be injured unless defendant is enjoined.  Telebrands has no adequate remedy at law.

40.     Defendant, by its acts, has infringed upon Telebrands' common law rights in its Mark and Logo.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

41.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-40 above as

though fully set forth herein.

42.     This cause of action arises under New Jersey common law.

43.     By Telebrands' extensive use of its Mark and Logo long before defendant's infringing use, the public has come to associate the Mark and Logo and their associated products with Telebrands.  Defendant's sale of its "PerfectGreen" pan product is likely to mislead, confuse or deceive the public into mistaking defendant's goods for Telebrands' authentic goods.

44.     Defendant, by its acts, has unfairly competed with Telebrands in violation of Telebrands' common law rights.

### COUNT FIVE
### UNFAIR COMPETITION UNDER N.J.S.A 56:4-1 *et seq.*

45.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-44 above as though fully set forth herein.

46.     This cause of action arises under N.J.S.A. § 56:4-1 *et seq.*

47.     Defendant's unauthorized distribution and sale in commerce of its "PerfectGreen" pan product, bearing a copy or colorable imitation of Telebrands' distinctive Mark and Logo, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of defendant's product by Telebrands.

48.     Defendant's unauthorized distribution and sale in commerce of its "PerfectGreen" pan product falsely designates the origin of defendant's product and is likely to cause confusion, mistake or deception about the origin of defendant's goods.

49.     By using such a copy or colorable imitation of Telebrands' distinctive Mark and Logo, defendant has falsely and misleadingly described and suggested that the "PerfectGreen" pan product

that it is selling and offering for sale emanates from or is sponsored or approved by Telebrands.

50.     The foregoing acts of defendant constitute unfair competition in violation of N.J.S.A. § 56:4-1.

51.     Defendant's statutory violations and other wrongful acts have injured and threaten to continue to injury Telebrands, including loss of customers, dilution of goodwill, confusion of existing and potential customers and injury to its reputation.

52.     Telebrands has and is being damaged by such acts and damage will continue unless defendant's acts are enjoined.  Telebrands has no adequate remedy at law.

**WHEREFORE**, plaintiff demands judgment.

a.     Permanently enjoining defendant, its agents, servants, employees and attorneys and all those acting in concert or participation with them from importing, distributing, advertising, promoting, selling, or offering for sale any product under or in connection with the Mark or Logo or any colorable variation thereof unless the product emanates from or is authorized by Telebrands;

b.     Requiring defendant to

1.     cancel all outstanding orders for the "PerfectGreen" pan product and to refund any monies received;

2.     cancel all advertising for the "PerfectGreen" pan product;

3.     notify all customers that its "PerfectGreen" pan product is not associated with, sponsored by or affiliated with Telebrands or Telebrands' ORGREENIC cookware; and

4.     issue a recall of all "PerfectGreen" pan product units defendant has shipped to its customers.

c.     Requiring defendant to pay its profits to Telebrands, any damages sustained by

9

Telebrands as a result of its acts, and Telebrands' costs for this action, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.*, or any other damages recoverable for any other statutory violation alleged in this Complaint;

        d.      Requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements of defendant's "PerfectGreen" pan product, and any reproduction, copy, counterfeit or colorable imitation of Telebrands' Mark or Logo, and all plates, molds, matrices and other means of making the same, be delivered up to Telebrands for destruction, pursuant to 15 U.S.C. § 1118;

        e.      Awarding Telebrands its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.*, and/or any other damages recoverable under any other statute alleged in this Complaint;

        f.      Requiring defendant to pay to Telebrands treble damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.*, and/or any other statute alleged in this Complaint; and

        g.      Granting such other and further relief as this Court deems just and proper.

                                                          Respectfully submitted,

Dated: April 25, 2012

                                                          /s/ David S. Stone
                                                          David S. Stone
                                                          Jason C. Spiro
                                                          Stone & Magnanini LLP
                                                             150 John F. Kennedy Parkway, 4th Floor
                                                          Short Hills, New Jersey 07078
                                                          Tel.: (973) 218 – 1111
                                                          Fax: (973) 218-1106

Peter D. Murray
Robert T. Maldonado
Eric M. Eisenberg
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Plaintiff Telebrands Corp.