**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**200 Campus Drive**
**Florham Park, New Jersey 07932-0668**
**Tel: (973) 624-0800 Fax: (973) 624-0808**
Attorneys for Defendant Hearthware, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------- x
:
TELEBRANDS CORP.,                          :    Civil Action No. 212-cv-02455 KSH-PS
                                           :
                Plaintiff,                 :
                                           :
v.                                         :    **ANSWER TO COMPLAINT,**
                                           :    **DEMAND FOR JURY TRIAL**
HEARTHWARE, INC.,                          :
                                           :
                Defendant.                 :
                                           :
                                           :
---------------------------------------------------------- x

Defendant Hearthware, Inc. ("defendant"), hereby answers the Complaint and Jury Demand of Plaintiff Telebrands Corp., as follows:

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph One of the Complaint

2. Defendant admits the allegations of Paragraph Two of the Complaint.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3. Defendant admits that Plaintiff has filed what purports to be an action under the Trademark and Unfair Competition laws against Defendant. Except as thus expressly admitted, Defendant denies the allegations of Paragraph Three.

1411543.1

4. Defendant makes no response to the legal conclusions set fort in Paragraph Four and leaves Plaintiff to its proofs at trial.

5. Defendant makes no response to the legal conclusions set forth in Paragraph Five and leaves Plaintiff to its proofs at trial.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Six of the Complaint and on that basis denies those allegations.

7. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Seven of the Complaint and on that basis denies those allegations.

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Eight of the Complaint and on that basis denies those allegations.

9. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Nine of the Complaint and on that basis denies those allegations.

10. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Ten of the Complaint and on that basis denies those allegations.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Eleven of the Complaint and on that basis denies those allegations.

12. Defendant denies the allegations contained in Paragraph Twelve of the Complaint.

13. Defendant denies the allegations contained in Paragraph Thirteen of the Complaint.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Fourteen of the Complaint and on that basis denies those allegations.

15. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Fifteen of the Complaint and on that basis denies those allegations.

16. Defendant denies the allegations contained in Paragraph Sixteen of the Complaint.

17. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph Seventeen of the Complaint and on that basis denies those allegations.

18. Defendant admits to offering for sale "Nuwave Perfect Green fry pan" on its internet website, but denies the remainder of allegations contained in Paragraph Eighteen of the Complaint.

1411543.1

19. Defendant denies the allegations contained in Paragraph Nineteen of the Complaint.

20. Defendant denies the allegations contained in Paragraph Twenty of the Complaint.

21. Defendant denies the allegations contained in Paragraph Twenty-One of the Complaint.

22. Defendant denies the allegations contained in Paragraph Twenty-Two of the Complaint.

23. Defendant denies the allegations contained in Paragraph Twenty-Three of the Complaint.

## COUNT ONE

## TRADEMARK INFRINGEMENT
## SECTION 32 OF THE LANHAM ACT

24. Defendant incorporates its responses to Paragraph One through Twenty-Three above as if fully set forth herein.

25. Defendant makes no response to the legal conclusion set forth in Paragraph Twenty-Five and leaves Plaintiff to its proofs at trial.

26. Defendant denies the allegations contained in Paragraph Twenty-Six of the Complaint.

27. Defendant denies the allegations contained in Paragraph Twenty-Seven of the Complaint.

1411543.1

## COUNT TWO

## VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

28. Defendant incorporates its responses to Paragraph One through Twenty-Seven above as if fully set forth herein.

29. Defendant makes no response to the legal conclusion set forth in Paragraph Twenty-Nine and leaves Plaintiff to its proofs at trial.

30. Defendant denies the allegations contained in Paragraph Thirty of the Complaint.

31. Defendant denies the allegations contained in Paragraph Thirty-One of the Complaint.

32. Defendant denies the allegations contained in Paragraph Thirty-Two of the Complaint.

33. Defendant denies the allegations contained in Paragraph Thirty-Three of the Complaint.

## COUNT THREE

## COMMON LAW TRADEMARK INFRINGEMENT

34. Defendant incorporates its responses to Paragraph One through Thirty-Three above as if fully set forth herein.

35. Defendant makes no response to the legal conclusion set forth in Paragraph Thirty-Five and leaves Plaintiff to its proofs at trial.

36. Defendant denies the allegations contained in Paragraph Thirty-Six of the Complaint.

1411543.1

37. Defendant denies the allegations contained in Paragraph Thirty-Seven of the Complaint.

38. Defendant denies the allegations contained in Paragraph Thirty-Eight of the Complaint.

39. Defendant denies the allegations contained in Paragraph Thirty-Nine of the Complaint.

40. Defendant denies the allegations contained in Paragraph Forty of the Complaint.

## COUNT FOUR

## COMMON LAW UNFAIR COMPETITION

41. Defendant incorporates its responses to Paragraph One through Forty above as if fully set forth herein.

42. Defendant makes no response to the legal conclusion set forth in Paragraph Forty-Two and leaves Plaintiff to its proofs at trial.

43. Defendant denies the allegations contained in Paragraph Forty-Three of the Complaint.

44. Defendant denies the allegations contained in Paragraph Forty-Four of the Complaint.

## COUNT FIVE

## UNFAIR COMPETITION UNDER N.J.S.A. 56:4-1 *et seq.*

45. Defendant incorporates its responses to Paragraph One through Forty-Four above as if fully set forth herein.

1411543.1

46. Defendant makes no response to the legal conclusion set forth in Paragraph Forty-Six and leaves Plaintiff to its proofs at trial.

47. Defendant denies the allegations contained in Paragraph Forty-Seven of the Complaint.

48. Defendant denies the allegations contained in Paragraph Forty-Eight of the Complaint.

49. Defendant denies the allegations contained in Paragraph Forty-Nine of the Complaint.

50. Defendant denies the allegations contained in Paragraph Fifty of the Complaint.

51. Defendant denies the allegations contained in Paragraph Fifty-One of the Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, and each and every purported cause of action contained therein, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because they violate Defendant's right to free speech, including speech for commercial purposes.

3. Plaintiff's claims are barred in whole or in part because the alleged conduct or statements of Defendant are not likely to deceive the public.

4. Defendant's use of the word "Green" has been only to aptly describe Defendant's goods and services and thus, has been fair and lawful use of such words pursuant to the Lanham Act, 15 U.S.C. 1115(b)(4).

5. The term "Green" is merely descriptive, has not acquired distinctiveness and is not capable of acquiring distinctiveness.

6. The term "Green" and the green leaf logo does not function, and is not capable of functioning, as a trademark, is not entitled to protection as a trademark and, in any event, neither is nor is alleged to be a famous mark.

7. If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from other and further reasons for which Defendant would not be responsible.

8. The Complaint, and each and every purported cause of action therein, is barred because Defendant's actions led to no actual or likely confusion, deception, or dilution.

9. The Complaint is barred by the doctrine of estoppel.

10. The Complaint is barred by the doctrine of laches.

11. The Complaint is barred by the doctrine of waiver.

12. The Complaint is barred by the doctrine of unclean hands.

13. Defendant reserves the right to raise any other defenses or counterclaims discovered through pretrial discovery or during the course of trial.

## DESIGNATION OF TRIAL COUNSEL

Susan Karlovich, Esq. is hereby designated as trial counsel for answering defendants.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Attorneys for Defendant Hearthware, Inc.**

By: *Susan Karlovich*
Susan Karlovich, Esq./4852

May 31, 2012